IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE No: <u>1:98-CR-00029-001</u> |
| | ) | |
| FRANK DELLA CRUZ | ) | |
| a/k/a : Frank Antony Vind, | ) | FILED |
| Francisco Antonio De La Cruz | ) | FEB 28 2008 |
| | ) | |
| Defendant, | ) | U.S. DISTRICT COURT |
| | ) | DISTRICT OF DEL. |

MOTION PURSUANT TO 18 U.S.C. § 3582 (c)(2) FOR REDUCTION OF SENTENCE PURSUANT TO AMENDMENT 706 AS AMENDED BY 711 OF U.S.S.G. MADE RETROACTIVE BY THE SENTENCING COMMISSION EFFECTIVE MARCH 3, 2008

COMES NOW, FRANK DELLA CRUZ, hereinafter ("Cruz"), defendant Pro-Se, and submits this petition pursuant to § 3582 (c)(2) for reduction/modification of his sentence based on U.S.S.G. Amendment 706 as amended by 711 and made retroactive

by the Sentencing Commission, hereinafter ("Commission"), effective March 3, 2008.

## STATEMENT OF THE CASE

CRUZ was indicted and charged by an amended in information of violating 21 U.S.C. § 841 (a)(1); and (b)(1)(B) and § 846. CRUZ pleaded guilty and was sentenced on December 3, 1998 to 216 months of incarceration and five (5) years of supervised release. CRUZ was sentenced at a level 36.

## REDUCTION PURSUANT TO §3582 (c)(2)

In determining whether and to whast extent a reduction is warranted for a defendant, such as CRUZ, the court should consider the term of imprisonment that it would have imposed had the amendments to the guidelines been in effect at the time CRUZ was sentenced. United States vs. Legree, 205 F.3d 724 (CA4 2000). Also, case law states that the holding of Booker should be applied to a defendant who receives a new sentence pursuant to § 3582 (c)(2).

In United States vs. Hicks, 472 F.3d 1167 (CA( 2007), the court held that, because Booker means that mandatory guideline sentences can no longer exist in any context, the Booker ruling and the advisory guideline practice must apply to any new sentencing that results from a § 3582 motion. Congress has granted the Commission the power to decide to

2

what extent its amendments reducing sentences will be given retroactive effect. Braxton vs. United States, 500 U.S. 344 (1991).

In the case at bar, CRUZ was sentenced over the statutory minimum at 216 months and almost at the bottom of the guideline range. And, pursuant to Rule 43 (c)(4), CRUZ is not required to be present.

### TITLE 18 U.S.C. § 3553 (a)

In CRUZ' situation, the factors include the applicable sentencing range as well as the nature and circumstances of the offense and the history and the characteristics of defendant, and the need for the sentence imposed. Very different from guideline factors, § 3553 (a) factors include the defendant's history and characteristics, rehabilitation, disadvantaged upbringing, age, family responsibilities and many other factors never before considered by the court in the first sentence. United States vs. Clark, 110 F.3d 15 (CA6. 1997).

Amendment 706 has the effect of reducing CRUZ adjusted offense level two levels. Since defendant was sentenced almost at the low end of the guidelines, CRUZ prays this Honorable Court to resentence defendant two (2) level and at the low end of the range. Reduced to its essence, defendant's petition petition to reduce occasioned by amendment 706 and

which alters defendant's previous guideline range requires the court to make two district determinations.

*First*: by substituting only the amended sentencing range for the originally determined sentencing range and leaving all other previous factual decisions concerning particularized sentencing factors intact. Consequently, together with the § 3553 (a) consideration, in the exercise of its thus informed decision, decide whether or not to modify defendant's original sentence previously imposed.

Under this paradigm, CRUZ' sentencing battle will be won or lost in the district court and not in an appellate venue, as the language is precatory and not mandatory.

Defendant prays the court consider that :

1. Defendant accepted responsibility;
2. There was no upward adjustment for role in the offense;
3. There was no upward adjustment for victim-related;
4. There was no obstruction of justice;
5. Defendant will not pose a danger to society as once he complies with his sentence, he will be deported forthwith

to the Dominican Republic.

Lastly, downward departure based on defendant's deportable alien's severity of confinement is lawful and authorized by statute, guideline and case law. See: <u>United States vs. Smith</u>, 27 F.3d 649 (D.C. Cir. 1994); <u>United States vs. Farouil</u>, 124 F.3d 838 (CA7 1997)(remanded after <u>Koon</u>); also, <u>United States vs. Guzman</u>, 236 F.3d 830 (CA7 2001)(same)(collecting cases).

Also, in the present case, defendant will serve a term of imprisonment that is, at least two (2), and probably as much as six (6) to ten (10) months longer than he would if he was not a deportable alien. This is because defendant will be transferred to <u>BICE</u> on the exact day his sentence expires for further incarceration and eventual deportation to the Dominican Republic. The average period of imprisonment by the then INS pending deportation was estimated ten (10) years ago to be two (2) months. See: <u>United States vs. Restrepo</u>, 802 F.Supp. 781 (E.D.N.Y. 1992), citing a General Accounting Office Report. It is at least four (4) months at the present time. In addition to the lengthier incarceration period explained above, defendant, as an alien, is not eligible for release to a half-way house prior to completion of his sentence, as non-aliens can be released six (6) months prior to their scheduled release date.

Therefore, by virtue of his deportation status, defendant

will serve another ten (10) months longer than a similarly situated non alien. Lastly, defendant has maintained an unblimished record of institutional conduct since the day he entered the Bureau of Prisons.

## CONCLUSION

WHEREFORE, based on the foregoing facts and arguments hereinbefore presaded, defendant prays this court grant him a two (2) level reduction pursuant to amendment 706 as amended by 711.

Respectfully Submitted,

On this 27 day of February, 2008

By:

```
Frank Della Cruz
Defendant Pro-Se
Reg. No: 27078-054
McRae   Correctional   Facility
P.O. Drawer # 30
McRae, GA 31055
```

6

## CERTIFICATE OF SERVICE

I, FRANK DELLA CRUZ, Pro-Se, CERTIFIES that a true and correct copy of the foregoing Motion under § 3582 (c)(2). Was mailed first class at McRae Correctional Facility on this 27 day of February, 2008 To:

    U.S. Attorney's Office
    For the District of Delaware
    1007 Orange Street
    Suite 700
    Nemours Building
    Wilmington, DE 19801

                By:

                Frank Della Cruz
                Reg. No: 27078-054
                McRae Correctional Facility
                P.O. Drawer # 30
                McRae, GA 31055

